**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JOHN M. TOWNSEND,
Plaintiff,
vs.
BRUCE BANNISTER, *et al.*,
Defendants.

3:09-cv-00351-ECR-VPC

**ORDER**

Plaintiff has submitted a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff's application to proceed *in forma pauperis* was granted by order filed August 12, 2009. (Docket #3). The Court now screens the complaint. (Docket #1-1).

**I. Screening Standard**

Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the

adequacy of a complaint or amended complaint.

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II. The Instant Complaint

Plaintiff, a prisoner at Ely State Prison, brings actions against the following persons: Medical Director Dr. Bruce Bannister; psychiatrist Dr. Bishop; Associate Warden Debra Brooks; principal psychiatrist Dr. Milner; NDOC Director Howard Skolnik; and Doe defendants 1-8, whom plaintiff alleges to be correctional officers. Plaintiff alleges interference with his mail and denial of effective mental health treatment. Plaintiff seeks replacement of his mail, medical treatment and prescription medication, as well as compensatory damages.

### A. Counts I, II, and III

In Counts I, II, and III, plaintiff alleges that his First Amendment rights have been

violated due to the prison's interference with his incoming mail. (Compl., at pp. 7-9). In Count I, plaintiff alleges that the Department of Corrections and Ely State Prison have a policy of discarding, without notice to inmates, any mail deemed to be a catalog. In Count II, plaintiff alleges that the prison has a policy of discarding incoming bulk rate mail without notice to inmates. In Count III, plaintiff alleges that the prison has a policy of removing subscription information from magazines before prisoners receive such mail, thereby preventing them from renewing their subscriptions. (Compl., at pp. 7-9). Plaintiff alleges that defendants Skolnik and Brooks allow these policies and practices to persist. (*Id.*).

Prisoners have "a First Amendment right to send and receive mail." *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (per curium). Prison regulations concerning incoming mail are analyzed under the *Turner* factors. *See Thornburgh v. Abbott*, 490 U.S. 401, 411-13 (1989); *Witherow*, 52 F.3d at 265. A regulation that impinges on First Amendment rights "is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). In determining whether a prison regulation is reasonably related to a legitimate penological interest, the court considers the following factors: (1) whether there is a valid rational connection between the regulation and the interest used to justify the regulation; (2) whether prisoners retain alternative means of exercising the right at issue; (3) the impact that the requested accommodation will have on inmates, prison staff, and prison resources generally; and (4) whether the prisoner has identified easy alternatives to the regulation which could be implemented at a minimal cost. *See Turner*, 482 U.S. at 89-91; *Beard v. Banks*, 548 U.S. 521, 528 (2006); *Prison Legal News v. Lehman*, 397 F.3d 692, 699 (9th Cir. 2005). Significant to plaintiff's claims in this case, prison officials may not prohibit receipt of subscription publications simply because they are sent bulk rate or via third/fourth class mail, including catalogs. *See Morrison v. Hall*, 261 F.3d 896, 901-02 (9th Cir. 2001); *see also Prison Legal News*, 397 F.3d at 700 (prison officials may not prohibit receipt of non-subscription bulk mail or catalogs). Plaintiff's claims in Counts I, II, and III state a cognizable claim under the First Amendment and may proceed against defendants Skolnik and Brooks.

**B. Counts IV and V**

In Count IV, plaintiff asserts an Eighth Amendment claim against defendants Bannister, Milner, and Bishop for deliberate indifference to medical needs. (Compl., at p. 10). In Count V, plaintiff asserts a claim against defendant Bannister for deliberate indifference regarding the prison's failure to timely refill his medication. (Compl., at p. 14).

A prisoner's claim of inadequate medical treatment does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. *Farmer v. Brennan*, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." *Id.* In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980), *citing Estelle*, 429 U.S. at 105-06.

In the instant case, at Count IV, plaintiff alleges that he suffers from major depression and that defendants Bannister, Milner, and Bishop have "provided no effective treatment at all." (Compl., at p. 10). In Count V, plaintiff alleges that defendant Bannister is aware of the problem of the prison failing to supply plaintiff with timely refills of his medication, but he has done nothing to correct the situation. Plaintiff states a cognizable claim for deliberate indifference to medical needs against defendants Bannister, Milner, and Bishop. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Count IV of the complaint may proceed against defendants Bannister, Milner, and Bishop, and Count

V may proceed against defendant Bannister.

**III. Conclusion**

**IT IS THEREFORE ORDERED** that the Clerk of Court shall **FILE** the complaint (Docket #1-1).

**IT IS FURTHER ORDERED** that the First Amendment claims in **Counts I, II, and III** against defendants Skolnik and Brooks **MAY PROCEED.**

**IT IS FURTHER ORDERED** that the Eighth Amendment deliberate indifference to medical needs claims in **Count IV** against defendants Bannister, Milner, and Bishop **MAY PROCEED**.

**IT IS FURTHER ORDERED** that the Eighth Amendment deliberate indifference to medical needs claim in **Count V** against defendant Bannister **MAY PROCEED**.

**IT IS FURTHER ORDERED** that the Clerk **shall electronically serve a copy of this order, including the attached Intent to Proceed with Mediation Form, along with a copy of plaintiff's complaint, on the Office of the Attorney General of the State of Nevada, attention Pamela Sharp**. The Attorney General shall advise the Court within **twenty-one (21) days** of the date of entry of this order whether they can accept service of process for the named defendants and the last known address under seal of the defendants for which they cannot accept service. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint within **thirty (30) days** of the date of the notice of acceptance of service.

**IT IS FURTHER ORDERED** that the parties **SHALL DETACH, COMPLETE, AND FILE** the attached Intent to Proceed with Mediation Form on or before **thirty (30) days** from the date of entry of this order.

**IT IS FURTHER ORDERED** that henceforth, plaintiff shall serve upon defendants, or, if an appearance has been made by counsel, upon their attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the Court. Plaintiff shall include with the

original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for defendants. If counsel has entered a notice of appearance, the plaintiff shall direct service to the individual attorney named in the notice of appearance, at the address stated therein. The Court may disregard any paper received by a district judge or a magistrate judge that has not been filed with the Clerk, and any paper which fails to include a certificate showing proper service.

DATED this 8th day of July, 2010.

Edward C. Reed.

UNITED STATES DISTRICT JUDGE

______________________________
Name
______________________________
Prison Number
______________________________
Address
______________________________

______________________________

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| ___________________________, Plaintiff, | Case No. ______________________ |
| v. | **NOTICE OF INTENT TO PROCEED WITH MEDIATION** |
| ___________________________ | |
| ___________________________ Defendants. | |
| ___________________________ | |

This case may be referred to the District of Nevada's early inmate mediation program. The purpose of this notice is to assess the suitability of this case for mediation. Mediation is a process by which the parties meet with an impartial court-appointed mediator in an effort to bring about an expedient resolution that is satisfactory to all parties.

1. Do you wish to proceed to early mediation in this case? ____ Yes ____ No

2. If no, please state the reason(s) you do not wish to proceed with mediation? ___________

______________________________________________________________

______________________________________________________________

______________________________________________________________

3. List any and all cases, including the case number, that plaintiff has filed in federal or state court in the last five years and the nature of each case. (Attach additional pages if needed).

______________________________________________________________

______________________________________________________________

______________________________________________________________

4. List any and all cases, including the case number, that are currently pending or any pending grievances concerning issues or claims raised in this case. (Attach additional pages if needed).

_______________________________________________

_______________________________________________

_______________________________________________

_______________________________________________

5. Are there any other comments you would like to express to the court about whether this case is suitable for mediation. You may include a brief statement as to why you believe this case is suitable for mediation. (Attach additional pages if needed).

_______________________________________________

_______________________________________________

_______________________________________________

_______________________________________________

**This form shall be filed with the Clerk of the Court on or before twenty (20) days from the date of this order.**

Counsel for defendants: By signing this form you are certifying to the court that you have consulted with a representative of the Nevada Department of Corrections concerning participation in mediation.

Dated this ____ day of ________________________, 20____.

_______________________________________
Signature

_______________________________________
Name of person who prepared or helped prepare this document