UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

JOHN M. TOWNSEND,  )
         Plaintiff,  )  3:09-cv-00351-ECR-VPC
    v.  )
        )  **REPORT AND RECOMMENDATION**
        )  **OF U.S. MAGISTRATE JUDGE**
BRUCE BANNISTER, *et al.,*  )
         Defendants.  )  December 5, 2011
_____)

This Report and Recommendation is made to the Honorable Edward C. Reed, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Defendants filed a motion for summary judgment (#41),[1] plaintiff opposed (#51), and defendants replied (#54).[2] The court has thoroughly reviewed the record and recommends defendants' motion for summary judgment (#41) be granted in part and denied in part.

## I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff John M. Townsend ("plaintiff"), a *pro se* inmate, is currently incarcerated at Ely State Prison ("ESP") in the custody of the Nevada Department of Corrections ("NDOC") (#7). Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983, alleging violations of his First, Eighth, and Fourteenth Amendment rights. *Id*. Plaintiff's remaining claims after screening include the following: (1) count I First Amendment claim against former NDOC Director Howard Skolnik and ESP Associate Warden Debra Brooks, alleging the prison discarded plaintiff's catalog mail without notice; (2) count II First Amendment claim against defendants Skolnik and Brooks, alleging the prison discarded plaintiff's incoming bulk mail without notice; (3) count III First Amendment claim

---

[1] Refers to the court's docket number.

[2] Contemporaneous with their motion for summary judgment, defendants filed a motion to file Exhibit D, consisting of plaintiff's inmate mental health records, *in camera* and under seal (#42). The court granted their motion in a minute order.

against defendants Skolnik and Brooks, alleging the prison removed subscription information from magazines before plaintiff received his mail; (4) count IV Eighth Amendment deliberate indifference claim against NDOC Medical Director Bruce Bannister, ESP psychologist Dr. Milner, and ESP psychiatrist Dr. Terrell Bishop; and (5) count V Eighth Amendment deliberate indifference claim against defendant Bannister regarding the prison's failure to timely refill plaintiff's medication (#6).

In counts I, II, and III, plaintiff alleges that prison officials violated his First Amendment rights when they interfered with his incoming mail (#7, pp. 4-6).[3] In count I, plaintiff asserts NDOC and ESP have a policy of discarding catalogs without notice to inmates. *Id*. at 4. In count II, plaintiff alleges NDOC and ESP have a policy of discarding incoming bulk rate mail without notice to inmates. *Id*. at 5. In count III, plaintiff alleges NDOC and ESP have a policy of removing subscription information from magazines before prisoners receive such mail, which prevents prisoners from renewing their subscriptions. *Id*. at 6. Plaintiff argues defendant Skolnik is responsible for ensuring that NDOC operates in compliance with the law. *Id*. at 4-6. Plaintiff also asserts defendant Brooks is responsible for ensuring that ESP is in compliance with the law. *Id*. Plaintiff states that defendants Skolnik and Brooks permitted the "unlawful practice" of tampering with plaintiff's mail. *Id*. at 9.

In count IV, plaintiff alleges that he suffers from major depression, and that defendants Bannister, Milner, and Bishop violated his Eighth Amendment rights when they "provided no effective treatment at all." *Id*. at 6A. Plaintiff claims that other NDOC mental health staff recommended treatment, but defendants Bannister, Milner, and Bishop did not provide the recommended treatment. *Id*.

In count V, plaintiff alleges that defendant Bannister knew the prison failed to supply plaintiff with timely refills of his medications, but did nothing to correct the situation. *Id*. at 9. Plaintiff claims that "when [he] is out of [keep on person] medications [sic], it raises the risk of complications including developing esophageal cancer." *Id*. Plaintiff alleges this violates his Eighth Amendment right to be free from cruel and unusual punishment. *Id*.

---

[3] The page numbers utilize the plaintiff's handwritten numbering in his complaint.

Defendants filed the instant motion seeking summary judgment on plaintiff's claims (#41). First, defendants argue summary judgment is appropriate as to defendants Skolnik and Brooks because they were not personally involved in any matter concerning plaintiff's mail in counts I, II, and III (#41, p. 9). Defendants assert that plaintiff fails to prove that defendant Skolnik had knowledge of or participated in alleged civil rights violations related to plaintiff's mail. *Id*. Defendant Skolnik's duties included supervision of all NDOC facilities; however, he appointed wardens at each institution to oversee the operation of that prison. *Id*. Nev. Rev. Stat. § 209.131(2); Nev. Rev. Stat.§ 209.161(1)(3). Defendants argue summary judgment is appropriate for defendant Brooks on the same grounds. *Id*. Defendant Brooks is responsible for ensuring ESP is in compliance with the law, and she is not involved in ESP's daily mail room activities (#41, Ex. C, pp. 1-2). Second, defendants assert no constitutional violations occurred in counts I and II (#41, p. 10).[4] Third, with respect to count III, defendants argue the removal of inserts from publications is reasonably related to a legitimate penological interest. *Id*. at 11.

Defendants seek summary judgment on counts IV and V, and argue they were not deliberately indifferent to a serious medical need. *Id.* at 12. Defendants contend a difference of opinion between ESP medical staff does not amount to deliberate indifference to a serious medical need. *Id*. at 13. In support of their arguments, defendants attach an exhibit of plaintiff's ESP medical records from January 29, 2007 through April 8, 2010 (#43, Ex D, (*sealed*)). Defendants also include a declaration by Karen Walsh, NDOC Health Information Director, in an attempt to authenticate and summarize plaintiff's ESP medical records. *Id*. However, Ms. Walsh's declaration

---

[4] In support of this argument, defendants attach an authenticated copy of portions of plaintiff's NOTIS report (#41, Ex. A, Attachment 4). While the court does not base its decision on this argument, it cautions defendants to supply the court with actual grievances in addition to the NOTIS report. The NOTIS summary of grievances is helpful, and the court does not discourage defendants from filing these reports; however, the summary should only serve to supplement the actual documents that form the basis of the defense or argument. If defendants refer to a specific grievances or grievances, the relevant grievance documentation, and not simply the NOTIS report, should be filed. If, on the other hand, the defendants are claiming that none of the thousands of pages in an inmate's grievance file make reference to the claims an inmate is asserting, it is sufficient for the defendant to provide a declaration, under penalty of perjury, by a person who has reviewed the actual grievance file, certifying that the grievance documentation reviewed makes no reference of the constitutional claim at issue.

is not signed or dated. *Id*. at 11. Lastly, defendants argue they are entitled to qualified immunity on all claims, and cannot be sued for damages for acts performed in their official capacities (#41, pp. 12-15).

In his opposition, plaintiff argues summary judgment should not be granted because defendants "seized a box of plaintiff's legal materials" and exhibits for this lawsuit (#51, p. 1). Plaintiff argues defendant Brooks is responsible for the ESP mail room, and that defendant Skolnik should have known of the alleged constitutional violations through the grievance review process. *Id*. at 3-4. Lastly, with respect to counts IV and V, plaintiff argues he is unable to respond to defendants' arguments because he cannot view the documents which defendants filed under seal. *Id*. at 5.

The court notes that the plaintiff is proceeding *pro se*. "In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. DISCUSSION & ANALYSIS

### A. Discussion

#### 1. Summary Judgment Standard

Summary judgment allows courts to avoid unnecessary trials where no material factual disputes exist. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). The court grants summary judgment if no genuine issues of material fact remain in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court must view all evidence and any inferences arising from the evidence in the light most favorable to the nonmoving party. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). However, the Supreme Court has noted:

> [W]e must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530 (2006). Where reasonable minds could differ on the material facts at issue, however, summary judgment should not be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

The moving party bears the burden of informing the court of the basis for its motion, and submitting evidence which demonstrates the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing that there exists a genuine issue for trial. *Anderson*, 477 U.S. at 248. Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

**B.     Analysis**

    **1.     Requirement of Personal Participation in Counts I, II, and III**

"Liability under [§] 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior under [§] 1983." *Taylor v. List,* 880 F. 2d 1040, 1045 (9th Cir. 1989) (citations omitted)*; see also Ashcroft v. Iqbal*, 557 U.S. 662 (2009); *Ortez v. Washington Cnty., State of Or.*, 88 F.3d 804, 809 (9th Cir. 1996) (concluding it is proper to dismiss where there are no allegations of knowledge of or participation in an alleged violation).

Plaintiff sues former NDOC Director Skolnik and ESP Associate Warden Brooks (#7). In counts I, II, and III, plaintiff alleges defendants Skolnik and Brooks violated his First Amendment rights when they allowed unconstitutional policies to exist in the mail room, which interfered with plaintiff's incoming mail. *Id*. at 4-6. Defendants move this court to grant summary judgment with regard to plaintiff's claims against defendants Skolnik and Brooks in counts I, II, and III, and argue they did not personally participate in the alleged deprivation of plaintiff's rights (#41, pp. 8-10).

### a. Defendant Skolnik

Defendants state that defendant Skolnik's duties included supervision of the administration of all institutions and NDOC facilities. *Id.* at 9. Nev. Rev. Stat. § 209.131(2). They further argue defendant Skolnik appointed wardens for each NDOC institution, who then oversaw and implemented policies (#41, p. 9). Nev. Rev. Stat. § 209.161(1)(3). As former NDOC Director, defendants assert Director Skolnik was not involved in any of the alleged First Amendment violations relating to plaintiff's mail (#41, pp. 8-9).

Defendants meet their burden of proving that no genuine issue of material fact exists with respect to defendant Skolnik's alleged involvement in the tampering or interference with plaintiff's mail. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present evidence demonstrating "specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. 324; Fed. R. Civ. P. 56(c). Plaintiff does not provide any evidence that defendant Skolnik personally participated or had knowledge of the alleged civil rights violations regarding plaintiff's mail. Plaintiff alleges that as NDOC Director, defendant Skolnik should have known of the alleged civil rights violation by the grievance review process in Administrative Regulation ("AR") 740 (#51, p. 4). Plaintiff attaches copies of grievances, in which he complains about not receiving his mail. *Id.* at Ex. 6. However, plaintiff does not offer any evidence that defendant Skolnik engaged in any specific acts which violated plaintiff's constitutional rights or failed to investigate any of his employees' acts that may have violated plaintiff's constitutional rights. While plaintiff claims that NDOC policy regarding inmate mail was unconstitutional, he does not demonstrate that defendant Skolnik promulgated or implemented this policy.[5]

The court recommends defendant Skolnik be entitled to summary judgment as to counts I, II, and III due to his lack of personal participation in the alleged First Amendment violations.

---

[5] In his opposition, plaintiff argues defendants "seized a box of plaintiff's legal materials containing the legal research, case law and many of the exhibits for this lawsuit" (#51, p. 1). However, this does not affect the determination of whether defendants Skolnik and Brooks were personally involved in the alleged civil rights violations.

### b. Defendant Brooks

Defendants assert summary judgment is appropriate with respect to defendant Brooks on the same grounds it is appropriate with respect to defendant Skolnik (#41, p. 9). As stated in defendant Brooks's declaration, she is not involved in the ESP's daily mail room activities. *Id*. at Ex. C, pp. 1-2. Defendant Brooks's primary responsibility is to oversee the safety and security of ESP. *Id*. at 1. Further, defendant Brooks is not responsible for drafting or promulgating NDOC's ARs. *Id*. While defendant Brooks is responsible for updating the ESP Operational Procedures, defendant Brooks assigns a sergeant to apply and enforce the ARs and OPs. *Id*. Lastly, defendant Brooks states in her declaration that she "would not have, nor did [she] ever, direct any staff to unlawfully deprive inmate Townsend of any item of authorized mail, or insert" and that she was never told of any alleged constitutional violations. *Id*. at 2.

Defendants meet their burden of proving that no genuine issue of material fact exists with respect to defendant Brooks's alleged involvement in the tampering or interference with plaintiff's mail. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present evidence demonstrating "specific facts showing that there is a genuine issue for trial." *Celotex Corp*., 477 U.S. 324; Fed. R. Civ. P. 56 (c). Plaintiff offers no evidence that defendant Brooks was involved in the daily mail room activities at ESP or that defendant Brooks knew of the alleged constitutional violations which occurred in the mail room.[6] In his opposition, plaintiff states that defendant Brooks admitted she is responsible for the ESP mail room and for ESP's Operational Procedures (#51, p. 3).[7] Simply stating that defendant Brooks is responsible for

---

[6] In his opposition, plaintiff asserts that he made defendant Brooks aware of alleged harassment by ESP staff for the "specific purpose of hindering or blocking [his] access to the courts" (#51, p. 6). However, this is unrelated to the claims actually pled against defendant Brooks in counts I, II, and III, which relate to mail tampering allegations

[7] Plaintiff's attached grievance forms may reveal that those in the mail room incorrectly followed an outdated version of the Administrative Regulations. However, the attachments do not demonstrate that the Operational Procedures caused the alleged violation of plaintiff's rights. Even if mail room staff discarded plaintiff's mail because they followed an outdated AR, this does not demonstrate that the Operational Procedures caused the alleged constitutional violations, and that defendants Brooks should be held liable.

ESP's Operational Procedures is insufficient to prove she "promulgated or implemented a policy so deficient that the policy itself is a repudiation of constitutional rights and is the *moving force of the constitutional violation.*" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (emphasis added). At this stage of the proceedings, the opposing party may not rest upon mere allegations or denials of the pleadings, but must set forth specific facts showing there is a genuine issue for trial. *Anderson v. Angelone*, 86 F.3d 923, 934 (9th Cir. 1996). The plaintiff has failed to prove a causal connection between defendant Brooks's acts and his alleged constitutional violations. In light of the undisputed evidence that defendant Brooks was not personally involved in the alleged constitutional violations, the court recommends defendant Brooks be entitled to summary judgment as to counts I, II, and III of plaintiff's complaint.

The court recommends that summary judgment be granted in favor of defendants Skolnik and Brooks due to their lack of personal participation in plaintiff's alleged constitutional violations, and need not discuss the merits of plaintiff's First Amendment claims in counts I, II, and III.

**2. Eighth Amendment Claims Against Defendants Bannister, Milner, and Bishop in Counts IV and V**

In count IV, plaintiff asserts an Eighth Amendment claim against defendants Bannister, Milner, and Bishop for deliberate indifference to his medical needs (#7, p. 6A). Plaintiff alleges he suffers from major depression and that defendants Bannister, Milner, and Bishop have "provided no effective treatment at all." *Id*. In count V, plaintiff alleges that defendant Bannister knew that the prison failed to supply plaintiff with timely refills of his medication, but did not correct the situation. *Id*. at 9. Defendants argue that they were not deliberately indifferent to plaintiff's medical needs, and that plaintiff received his medications on a regular basis (#41, p. 13). In support of this contention, defendants file an exhibit of plaintiff's medical records (#43, Ex. D (*sealed*)). Defendants submit Karen Walsh's affidavit in an attempt to authenticate and summarize plaintiff's medical records. *Id.* However, Ms. Walsh's declaration is not signed or dated. *Id*.

While defendants submit a declaration from Linda C. Maestes, which states that she provided Karen Walsh with a true and correct copy of plaintiff's medical records (#41, Ex. E), defendants submit Ms. Walsh's unsigned declaration in an attempt authenticate the medical records submitted

to the court (#43, Ex. D (*sealed*)). As a result of Ms. Walsh's unsigned declaration, the medical records, which include plaintiff's mental health progress notes and medication logs, are unauthenticated.

Defendants also rely on the information in Ms. Walsh's declaration in support of their arguments in their motion for summary judgment (#41). Ms. Walsh's detailed declaration transcribes the information in plaintiff's medical file. *Id*. Defendants cite to Ms. Walsh's declaration in their "Statement of Facts" and in support of their argument that defendants were not deliberately indifferent to a serious medical need. *Id*. at 6, 7, 12. In their motion for summary judgment, defendants state that because plaintiff's "mental health care is set forth in detail in the Declaration of Karen Walsh," defendants cursorily address the medical treatment provided to plaintiff. *Id*. at 7. Defendants even acknowledged in their motion that Ms. Walsh's declaration is unexecuted and stated that they would supplement the motion with an executed copy of Ms. Walsh's declaration. *Id*. at p. 6. However, the defendants have failed to do.

The moving party bears the burden of informing the court of the basis for its motion, and submitting evidence which demonstrates the absence of any genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. Defendants must provide evidence supporting their argument which comports with the Federal Rules of Civil Procedure and the Federal Rules of Evidence. The requirement that documents be authenticated through personal knowledge when submitted in a summary judgment motion "is limited to situations where exhibits are introduced by being attached to an affidavit" of a person whose personal knowledge is essential to establish the document is what it purports to be. *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 778 n.24 (9th Cir. 2002). Ms. Walsh's declaration and plaintiff's medical records are not properly authenticated, and are not proper evidentiary support (#43, Ex. D (*sealed*)). This is the court's *seventh* case in recent months in which counsel from the Attorney General's office has failed to include authenticated evidence in support of a motion for summary judgment or motion to dismiss. *See Sonntag v. Gurries*, No. 3:09-cv-00637-ECR-VPC, 2011 WL 3841044, *1, *3 (D.Nev. July 29, 2011). The court recently recommended a denial of a motion to dismiss because defendants' counsel failed to submit a copy

of a plaintiff's authenticated grievance history. *See Jones v. Skolnik*, No. 3:10-cv-00162-LRH-VPC. Defendants' chronic failure to abide by the Federal Rules of Evidence and the Federal Rules of Civil Procedure prevents the court from resolving disputes and wastes judicial resources and time. Because defendants fail to rely on authenticated evidence, defendants fail to meet their burden of proving that no genuine issue of material fact exists with respect to plaintiff's Eighth Amendment claims. The court recommends defendants' motion for summary judgment (#41) be denied with respect to counts IV and V.

### 3. Qualified Immunity

Defendants argue they are entitled to qualified immunity because no constitutional violations have occurred (#41, pp. 13-14). The court need not address qualified immunity with respect to counts I, II, and III because it recommended defendants' motion for summary judgment be granted due to defendants' lack of personal participation.

With respect to counts IV and V, defendants' evidentiary deficiencies in support of their motion for summary judgment preclude the court from addressing the merits of defendants' qualified immunity defense.

### 4. Eleventh Amendment Immunity

The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit . . . against one of the United States by Citizens of another State . . . ." U.S. Const. amend. XI. The Supreme Court has held that a suit against a state official in his or her official capacity is not suit against that official, but rather a suit against the official's office; therefore, an official acting in his or her official capacity is not a "person" under section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Because the state and its officials are not considered "persons" within the meaning of section 1983, "they cannot be held liable under the statute for money damages." *Bank of Lake Tahoe v. Bank of America*, 318 F.3d 914, 918 (9th Cir. 2003).

Plaintiff names defendants in their official and individual capacities and he seeks monetary damages (#7). It is clear that defendants cannot be sued in their official capacities for money

damages. *Bank of Lake Tahoe*, 318 F.3d at 918. Therefore, the court recommends defendants' motion for summary judgment as to defendants Bannister, Bishop, and Milner in their official capacities be granted on all counts.[8]

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court recommends that defendants' motion for summary judgment (#41) be **GRANTED** in part and **DENIED** in part. The court recommends defendants' motion for summary judgment with respect to defendants Brooks and Skolnik in counts I, II, and III be **GRANTED**, and that defendants' motion for summary judgment with respect to counts IV and V be **DENIED** without prejudice. The court recommends defendants' motion for summary judgment as to defendants Bannister, Bishop, and Milner in their official capacities for monetary damages be **GRANTED** on all counts.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion for summary judgment (#41) be **GRANTED** in part and **DENIED** in part as follows:

1. Defendants' motion for summary judgment should be **GRANTED** as to plaintiff's claims against defendants Brooks and Skolnik in counts I, II, and III;

2. Defendants' motion for summary judgment should be **DENIED** without prejudice as to

---

[8] The court already recommended that summary judgment be granted as to plaintiff's claims against defendants Brooks and Skolnik.

11

plaintiff's claims in counts IV and V, and;

    3. Defendants' motion for summary judgment should be **GRANTED** for monetary claims against defendants Bannister, Bishop, and Milner in their official capacities.

**DATED:** December 5, 2011.

_____
**UNITED STATES MAGISTRATE JUDGE**