UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| JOHN M. TOWNSEND, | ) | 3:09-cv-00351-ECR-VPC |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MINUTES OF THE COURT** |
| v. | ) | |
| | ) | |
| BRUCE BANNISTER, *et al.*, | ) | |
| | ) | December 6, 2011 |
| | ) | |
| Defendants. | ) | |
| | ) | |

PRESENT:   THE HONORABLE VALERIE P. COOKE, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   LISA MANN         REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S): NONE APPEARING

COUNSEL FOR DEFENDANT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

      Defendants filed a motion for summary judgment, and in connection with that motion they filed a motion to file Exhibit D, consisting of plaintiff's mental health records, *in camera* and under seal (#41 and #42).  Plaintiff opposed the motion for summary judgment and argued that he should be given access to Exhibit D (#51), and defendants replied (#54).  Defendants then filed a correspondence with the court styled "Defendants' notice regarding plaintiff's denial of access to exhibits filed under seal" regarding the filing of *in camera* exhibits (#55), in which they further explained the need to file plaintiff's mental health records under seal.[1]  Plaintiff filed a document styled "Notice to the court," in which he argues that the court should grant plaintiff access to Exhibit D (#57).[2]

---

    [1]    On June 2, 2011, plaintiff filed correspondence with the court inquiring about the status of the case (#47).  It became clear that plaintiff had not been served with defendants' motion for summary judgment and motion to file documents *in camera.*  Defendants re-served both motions at that time.  When defendants re-served the motions, they directed plaintiff to request to review the documents that had been filed under seal at the Warden's office.  Defendants' counsel erred in this instruction and plaintiff was unable to view the documents filed under seal.  Defendants then filed a "Notice regarding plaintiff's denial of access to exhibits filed under seal" (#55), and plaintiff filed a "Notice to the court" in opposition (#57).

    [2]    To the extent plaintiff's "Notice to the court" (#57) is an additional opposition to defendants' motion for summary judgment, filing additional oppositions to a motion without the court's

In defendants' motion to file documents *in camera* and their "Notice to the court," defendants argue they should be permitted to file plaintiff's mental health records *in camera* and under seal for plaintiff's safety and the safety of others (#42 and #55). Pursuant to Ely State Prison's Operational Procedure 603 ("OP"), "all mental health records will be removed prior to the inmate's review of the chart per A.R. 569" (addressing the confidentiality of certain records) (#55, Ex. A; Operational Procedure 603). Administrative Regulation ("AR") 568 allows an inmate to review his inmate file; however, inmates are not permitted to access information which, if disclosed, might endanger the inmate or others (AR 568.02). The safety of the plaintiff and of others, and the concern for disclosure of confidential information are legitimate penological interests. Courts should accord deference to prison officials' assessments of their interests. *Turner v. Safley*, 482 U.S. 78, 85 (1987). Moreover, the court recommended a denial of defendants' motion for summary judgment as to plaintiff's Eighth Amendment claims. Thus, plaintiff's need to review his mental health records for this litigation is moot. The court grants defendants' motion to file Exhibit D under seal and *in camera*.

**IT IS ORDERED** that defendants' motion for *in camera* submission of exhibit D (#42), attached to defendants' motion for summary judgment (#41) is **GRANTED**. The exhibit (#43) is filed and shall remain under seal.

**IT IS SO ORDERED.**

                                                  LANCE S. WILSON, CLERK
By:   /s/
                                                  Deputy Clerk

---

leave is not provided for under Local Rule 7-2(b) and the court will only consider plaintiff's first opposition.